UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT FRANKFORT

CIVIL ACTION NO. 3:13-080-WOB-CJS

DONNA PORTER                                                                                         PLAINTIFF

v.                           **REPORT AND RECOMMENDATION**

CAROLYN W. COLVIN, COMMISSIONER
SOCIAL SECURITY ADMINISTRATION                                                       DEFENDANT

\* \* \* \* \* \* \* \* \* \*

Plaintiff Donna Porter brings this action under 42 U.S.C. § 405(g), challenging Defendant Commissioner's final decision denying her application for benefits under Title II and Title XVI of the Social Security Act. This matter has been referred to the undersigned for preparation of a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). At issue is whether the Administrative Law Judge (ALJ) erred in finding Plaintiff "not disabled" and therefore not entitled to benefits. After a thorough review of the administrative record, for the reasons explained below it will be **recommended** that Plaintiff's Motion for Judgment on the Pleadings be **denied,** and the Commissioner's Motion for Summary Judgment be **granted.**

I.     **STANDARD OF REVIEW AND THE ADMINISTRATIVE PROCESS**

In reviewing the decision of an ALJ in social security cases, the only issues before the reviewing court are whether the ALJ applied the correct legal standards and whether the decision is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). Substantial evidence is "such relevant

evidence a reasonable mind might accept as adequate to support a conclusion." *Richardson,* 402 U.S. at 401 (*quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. *Blakley*, 581 F.3d at 406. "The substantial-evidence standard . . . presupposes that there is a zone of choice within which the decision makers can go either way, without interference by the courts." *Id.* (*citing Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). Thus, even if the evidence could also support another conclusion, the decision of the ALJ must stand if the evidence could reasonably support the conclusion reached. *Id.* (*citing Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

In this case, Plaintiff must establish that she is disabled within the meaning of the Social Security Act in order to qualify for benefits. 42 U.S.C. § 423(a)(1). The act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in the death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Social Security Act requires the Commissioner to follow a five-step analysis when making a determination on a claim of disability. *Vance v. Comm'r of Soc. Sec.*, 260 F. App'x 801, 803-04 (6th Cir. 2008) (*citing Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990)); *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001). First, a claimant must demonstrate that she is not currently engaged in "substantial gainful activity," *Vance*, 260 F. App'x at 803 (*citing* 20 C.F.R. §§ 404.1520(b), 416.920(b)). Second, if the claimant is not engaged in substantial gainful activity, she must demonstrate that she suffers from a severe impairment. *Id.* at 803-04. "A 'severe

impairment' is one which 'significantly limits . . . physical or mental ability to do basic work activities.'" *Id.* at 804 (*citing* 20 C.F.R. §§ 404.1520(c), 416.920(c)). Third, if the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets or equals a listed impairment located at 20 C.F.R. part 404, subpart P, appendix 1, then the claimant is presumed disabled regardless of age, education or work experience. *Id.* (*citing* C.F.R. §§ 404.1520(d), 416.920(d)). Fourth, the claimant is not disabled if her impairment(s) does not prevent her from doing her past relevant work. *Id.* Lastly, even if the claimant cannot perform her past relevant work, she is not disabled if she can perform other work which exists in the national economy. *Id.* (*citing Abbott*, 905 F.2d at 923). Throughout this process, the claimant carries the overall burden of establishing that she is disabled, but the Commissioner bears the burden of establishing that the claimant can perform other work existing in the national economy. *Id.* (*quoting Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004)).

## II.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff's alleged disability began on January 27, 2008, when she was thirty-seven years old. (Administrative Record (A.R.) 38). Plaintiff has a tenth-grade education and has been employed as a cashier, customer service representative, and a security guard. (*Id.* at 206-07). Plaintiff testified that she has suffered from diabetes since 1993, and is further disabled due to pain and weakness is her legs and back. (*Id.* at 41-51). She also asserts she has limited use of her right hand due to carpal tunnel syndrome. (*Id.* at 45-46).

On August 19, 2010, Plaintiff filed a Title II application for disability benefits and a Title XVI application on July 22, 2010, for supplemental security income. (*Id.* at 141-46). These claims

were denied initially on November 10, 2010, and upon reconsideration on April 26, 2011. (*Id.* at 75-81). Plaintiff then requested a hearing before an ALJ. (*Id.* at 85-86). Plaintiff appeared and testified at a hearing held on May 2, 2012. (*Id.* at 110). At the hearing, the ALJ heard testimony from Plaintiff and a vocational expert (VE). (*Id.* at 36-56). After receiving testimony and reviewing the record, the ALJ issued a written decision on June 27, 2012, finding Plaintiff was not disabled within the meaning of the Social Security Act. (*Id.* at 22).

The ALJ used the five-step sequential process to determine that Plaintiff was not disabled. (*Id.* at 22). *See* 20 C.F.R. §§ 404.1520(a) and 416.920(a). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful employment activity since January 27, 2008–the alleged onset date of her disability. (A.R. 23). At step two, the ALJ determined that Plaintiff had severe impairments of diabetes mellitus, coronary artery disease, lumbar degenerative disease, and carpal tunnel syndrome/neuropathic pain, under 20 C.F.R. § 404.1520(c) and § 416.920(c). (*Id.* at 24). As part of this analysis, the ALJ considered Plaintiff's medically determinable mental impairment of anxiety/bipolar but concluded that the medical evidence was insufficient to support a finding that this was a severe impairment. (*Id.*).

At step three, the ALJ analyzed Plaintiff's impairments individually and in combination. The ALJ found that Plaintiff did not have an impairment that meets or equals the level of severity set forth in any of the Listing of Impairments under the applicable federal regulations. (*Id.* at 25). At step four, the ALJ determined that Plaintiff had the residual functional capacity (RFC) to perform sedentary and light work. (*Id.*). The ALJ heard testimony from an impartial VE who stated that based on the RFC provided by the ALJ, Plaintiff was capable of performing her past relevant work as a security guard. (*Id.* at 28). Because the ALJ found at step four that Plaintiff could perform her

4

past relevant work and was therefore not disabled, the ALJ was not required to proceed to the fifth step. (*Id.* at 23).

Plaintiff appealed the ALJ's decision to the Appeals Council, and on September 19, 2013, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's June 27, 2012, decision denying Plaintiff benefits the final decision of the Commissioner. (*Id.* at 1). On November 18, 2013, having exhausted her administrative remedies, Plaintiff timely filed a Complaint asserting that the ALJ's decision was not supported by substantial evidence and was contrary to law and regulation. (R. 2, at 2).

Plaintiff has filed a Motion for Judgment on the Pleadings, which advances three arguments. (R. 17, at 1). First, Plaintiff alleges that the ALJ's RFC determination is unsupported by substantial evidence. (*Id.* at 6). Second, Plaintiff argues that the ALJ failed to support his credibility determination by substantial evidence. (*Id.* at 8). Finally, Plaintiff contends that the ALJ's step four determination is unsupported by substantial evidence. (*Id.* at 10). Each of these arguments will be addressed in turn.

## III. ANALYSIS

### A. The ALJ's RFC determination is supported by substantial evidence.

Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence. Specifically, Plaintiff asserts the ALJ failed to include limitations that correspond to Plaintiff's severe impairments found in step two and that the ALJ failed to provide a function-by-function analysis in determining the RFC. (R. 17, at 6-7).

Plaintiff first contends that the ALJ erred when he failed to include any functional limitations that would correspond to his step-two determination that Plaintiff has the severe impairment of

"carpal tunnel syndrome/neuropathic pain." Plaintiff argues that the ALJ's failure to include any limitations with respect to manual dexterity, handling, or feeling resulted in harmful error because loss of manual dexterity "narrows the sedentary and light ranges of work." (R. 17, at 7) (*citing* SSR 85-15).

The RFC is assessed using all relevant medical and other evidence. 20 C.F.R. §§ 404.1545, 416.945. The impairments and symptoms the claimant suffers from may cause physical and mental limitations that affect what the claimant can do in a work setting; therefore, the determined RFC is the most the claimant can do despite those limitations. (*Id.*). When the plaintiff has a severe impairment, but the impairment does not meet or equal a listed impairment, the ALJ will consider the limiting effects of all the impairments, even those that are not severe, in determining the RFC. 20 C.F.R. §§ 404.1545(e), 416.945(e). This assessment made by the ALJ is of the plaintiff's limitations on what she can or cannot do, not of what she suffers from. *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002).

The mere diagnosis of a condition does not automatically establish work-related limitations. *See Higgs v.* Bowen, 880 F.2d 860, 863 (6th Cir. 1988). Therefore, the ALJ's determination of a severe impairment may or may not affect the RFC. *Griffeth v. Comm'r of Soc. Sec.*, 217 F. App'x 425, 429 (6th Cir. 2007). To determine if a limitation existed, an ALJ must "consider all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with objective medical evidence and other evidence." (A.R. 25) (*citing* 20 C.F.R. § 404.1529; 20 C.F.R. § 416.929; SSR 96-4p; SSR 96-7p). Thus, a plaintiff has the burden to prove, through evidence, that a limitation does exist.

Here, Plaintiff contends that her carpal tunnel syndrome affected her "fine manual dexterity, handling, or feeling," and the ALJ should have included these functional limitations in his RFC determination. In making his RFC determination, the ALJ considered the medical records from Plaintiff's doctors which documented her reports of constant numbness in both hands, tingling, and pain in her right hand. (A.R. 27). The medical records also reflected a diagnosis of carpal tunnel. (*Id.* at 28). The ALJ's RFC determination limited Plaintiff to "light work," which encompassed any limitations Plaintiff had on her ability to use her hands and wrists. (*Id.* at 25); *see* 20 C.F.R. §§ 404.1567(b), 416.967(b) ("Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds"). Despite these limitations, Plaintiff argues that the ALJ should have included additional functional limitations for "fine manual dexterity, handling, or feeling." However, the medical records do not indicate that Plaintiff had any physical restriction due to her diagnosis of carpal tunnel syndrome. (*Id.*). The Sixth Circuit has recognized that a lack of physical restriction by a treating physician constitutes substantial evidence for a finding of non-disability. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 596 (6th Cir. 2005) (*citing Maher v. Sec'y of Health & Human Servs.*, 898 F.2d 1106, 1109 (6th Cir. 1989)). Indeed, apart from her own testimony, Plaintiff cites to no objective medical evidence that would support her claimed limitations. Plaintiff's mere diagnosis of carpal tunnel syndrome, alone, does not automatically establish additional work-related limitations.

Plaintiff cites a case from the Northern District of Ohio to support her contention that the ALJ erred when he found a severe impairment of carpal tunnel/neuropathic pain at step two but did not include a reference to this condition in the RFC determination. (R. 17, at 7) (*citing Skobel v. Astrue*, 2012 WL 1466516, No. 1:11-cv-0748, at *15-18 (N.D. Ohio Apr. 27, 2012)). In *Skobel*, the

ALJ found the plaintiff had a major depressive disorder at step two, but did not include a reference to the mental disorder in the RFC determination. *Skobel,* 2012 WL 1466516, at *17. However, *Skobel* is distinguishable from the present case. In *Skobel,* the ALJ evaluated the mental functions of the plaintiff in great detail. *Id.* at *15. The ALJ relied on a large amount of medical evidence to determine a severe impairment and also considered the depressive disorder within the hypothetical questions to the VE. *Id.* at *16. In the narrative discussion of the RFC determination, the ALJ stated that "the following [RFC] assessment reflects the degree of limitation the undersigned has found in the . . . mental function analysis." *Id.* at *17. The ALJ also wrote in her assessment that she gave full weight to the opinions of a consulting, examining physician who had made a diagnosis of "major depression." *Id.* at *17. However, the ALJ's RFC assessment made no direct reference to plaintiff's mental conditions, or the severe impairment of depression. The court found that the ALJ's failure to address limitations from the plaintiff's severe impairment of depression in the RFC analysis was inconsistent with the ALJ's review of plaintiff's mental health conditions, in particular her diagnosed major depression. *Id.* at *18.

In the present case, the ALJ's RFC analysis does not present the issues of inconsistency that were present in *Skobel*. Notably, there was no extensive discussion of the impairment of carpal tunnel syndrome/neuropathic pain at step two because, unlike *Skobel*, ample medical and opinion evidence of this impairment does not exist in the record. The ALJ did discuss the objective medical evidence of the diagnosis of carpal tunnel (A.R. 27-28), as well as the subjective evidence regarding the Plaintiff's claims of disabling pain caused by the condition. (*Id.* at 28). Aside from her own testimony and complaints documented in her medical record, Plaintiff points to no objective evidence to support her alleged limitations of fine manual dexterity, handling, or feeling from her

carpal tunnel syndrome. The ALJ found the statements made by Plaintiff concerning the intensity, persistence, and limiting effects of her symptoms were not credible to the extent they were not consistent with the RFC assessment. (*Id.*). The ALJ was not required to account for Plaintiff's claimed functional limitations that were not supported by the record. Therefore the ALJ did not error by not including additional functional limitations in his RFC analysis.

Plaintiff's second argument pertaining to RFC alleges that the ALJ erred when he failed to provide a function-by-function analysis in determining Plaintiff's RFC. Plaintiff asserts the ALJ failed to address her ability to sit, stand, or walk in an 8-hour workday, all of which would be impacted by her alleged limitations due to carpal tunnel. SSR 96-8p requires that the ALJ individually assess the plaintiff's exertional and non-exertional capacities. *See Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542, 547 (6th Cir. 2002). "The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 C.F.R. 404.1545 and 416.945." SSR 96-8p. Those functions include a claimant's: 1) physical abilities, such as sitting, standing, walking, lifting, carrying, pushing and pulling; 2) mental abilities, such as understanding, remembering, and carrying out instructions, and responding appropriately to supervision, co-workers, and work pressures in a work setting; and 3) any other abilities affected by his/her impairment(s). 20 C.F.R. §§ 404.1545, 416.945. Only after an ALJ has performed this function-by-function evaluation may a claimant's RFC be expressed in terms of sedentary, light, medium, or heavy work. SSR 96-8p(4).

In *Delgado v. Commissioner of Social Security*, 30 F. App'x 542 (6th Cir. 2002), the Sixth Circuit addressed the nature and extent of the analysis required under SSR 96-8p. The court

acknowledged conflicting authority from outside the circuit that supported a more detailed, in-depth analysis, but instead adopted a commonsense approach, stating, "[a]lthough SSR 96-8p requires a 'function-by-function evaluation' to determine a claimant's RFC, case law does not require the ALJ to discuss those capacities for which no limitation is alleged." *Delgado*, 30 F. App'x at 547. Furthermore, the court recognized that the ALJ "need only articulate how the evidence in the record supports the RFC determination, discuss the claimant's ability to perform sustained work-related activities, and explain the resolution of any inconsistencies in the record." *Id.* at 548 (*quoting Bencivengo v. Comm'r of Soc. Sec.*, 251 F.3d. 153 (table), No. 00-1995 (3d Cir. Dec. 19, 2000)). Similarly, in *Murname v. Colvin,* No. 2:12-164-DCR, 2013 WL 5303632 (E.D. Ky. Sept. 20, 2013), the court held that the ALJ was in compliance with SSR 96-8p when he considered each of the symptoms supported by the record, discussed the limitations those symptoms would put on the plaintiff's ability to work, then made a determination. *Murname*, 2013 WL 5303632, at *7.

In the present case, to the extent Plaintiff challenges that the RFC does not comply with SSR 96-8p, the record reflects otherwise. Plaintiff complains that instead of engaging in a function-by-function analysis, the ALJ merely stated, "the claimant has the residual functional capacity to perform sedentary and light work as defined in 20 C.F.R. 404.1527(b) and 416.967(b)." (R. 17-1, at 8). However, the ALJ's RFC analysis was rather detailed and provided both a narrative of the Plaintiff's medical history and the medical evidence that supported the ALJ's ultimate determination. The ALJ considered all of Plaintiff's claimed symptoms and testimony and the extent to which those claimed symptoms were reasonably consistent with the objective medical evidence. (A.R. 25). In reaching this conclusion, the ALJ also addressed the credibility of Plaintiff's statements concerning the intensity, persistence, and limiting effects of the symptoms, and found her credibility to be

10

lacking. (*Id.* at 28). Although Plaintiff alleged multiple limitations from her symptoms, the ALJ noted that examination records showed no limitations that would prevent the Plaintiff from sustaining sedentary or light exertional work activities. (*Id.*). The ALJ concluded that the evidence of record as a whole was supportive of and consistent with the residual functional capacity assigned. The record establishes that the ALJ properly discussed only those functional limitations that were supported by the evidence of record in determining Plaintiff's RFC, thereby discharging his obligations under SSR 96-8p.

    **B.    The ALJ did not err in his consideration of Plaintiff's credibility.**

Next, Plaintiff asserts the ALJ committed harmful error because his credibility determinations were not supported by substantial evidence. Plaintiff argues the ALJ made improper credibility findings as to Plaintiff's assertions, specifically with regard to: her daily activities; the type, dosage, effectiveness, and side effects of her medications; and her noncompliance with her medication.

Although relevant to the RFC assessment, a claimant's description of his or her symptoms is not enough, on its own, to establish the existence of physical and/or mental impairments or disability. Soc. Sec. Rul. 96-7p. When evaluating a claimant's symptoms, the ALJ must determine whether there is an underlying medically determinable impairment that could reasonably be expected to produce the alleged symptoms. *Id.* Once that is established, the ALJ must "evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities." *Id.*

When the claimant's description of his or her symptoms is not supported by objective medical evidence, the ALJ must assess the credibility of the claimant's statements based on the entire

case record, including medical and laboratory findings, claimant's statements, information provided by treating or examining physicians about how the symptoms affect the claimant, and any other relevant evidence. *Id.* The ALJ may also consider the claimant's daily activities; the location, duration, frequency, and intensity of the claimant's symptoms; factors that precipitate and aggravate the symptoms; the type, dosage, effectiveness and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; treatment, other than medication, the individual receives for pain relief; any other measures used for pain management; and any other factors concerning the claimant's limitations due to symptoms. *Id.* While the ALJ must consider these factors, he is not required to explicitly discuss them. *Ellison v. Comm'r of Soc. Sec.*, No. 5:12-cv-1941, 2013 WL 4050964, at * 9 (N.D. Ohio Aug. 9, 2013).

Here, Plaintiff complains that the ALJ failed to make proper credibility findings because, she claims, evidence of her daily activities supports her allegations of disabling symptoms. Plaintiff refers to her testimony where she reported difficulty brushing her hair, that she could not lift a gallon of milk with her right hand, and that she needed to lie down for several hours during the day to ease her pain. (R. 17-1, at 9). However, the record reflects that the ALJ properly engaged in the two-part test for evaluating symptoms. (A.R. 25-28). First, he found that Plaintiff had medical impairments that could reasonably be expected to cause those symptoms. (*Id.* at 28). He then proceeded to compare Plaintiff's testimony concerning the intensity, persistence, and limiting effects of her symptoms against the RFC determination, ultimately finding that Plaintiff's testimony was not credible to the extent it was inconsistent with the RFC determination. (*Id.*). The ALJ then explained in some detail the inconsistencies between Plaintiff's testimony and the objective medical evidence that supported his RFC determination. The ALJ noted that on examination, Plaintiff was able to flex

90 degrees and touch her toes. Furthermore, her flexion and extension was normal, and x-rays only showed mild facet arthropathy at L5-S1. (*Id.*). The ALJ also emphasized that Plaintiff was able to attend to activities of daily living, including taking care of her son, preparing meals, performing household chores, driving, shopping, managing her finances, spending time with others, and occasionally even having cookouts. (*Id.*). The ALJ properly considered the evidence of Plaintiff's daily life along with other evidence of record, and found that Plaintiff's daily and social functioning was not reflective of a totally incapacitated individual. The ALJ acted properly when he took these factors into account.

Plaintiff further asserts the ALJ did not analyze the type, dosage, effectiveness, and side effects of the medication taken by Plaintiff for her conditions. When considering these factors, the ALJ has "the power and discretion to weigh all of the evidence and to resolve the significant conflicts in the administrative record." *Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 531 (6th Cir. 1997) (*citing Bradley v. Sec'y of Health & Human Servs.*, 862 F.2d 1224, 1227 (6th Cir.1988)). The Court will generally defer to that assessment of the ALJ when it is supported by an adequate basis. (*Id.*). Here, the record shows that the ALJ properly considered the effectiveness and side effects of Plaintiff's medications in his analysis. The ALJ reviewed Plaintiff's medical records, which included a long history of treatment for insulin-dependent diabetes and noncompliance. (A.R. 26-28). The ALJ also found that Plaintiff "complained of pain in her legs and feet, etc, however, they improve with better control of her diabetes mellitus." (*Id.* at 28). Although Plaintiff complained of side effects, she failed to provide evidence that these symptoms were actually caused by her medicine. Indeed, much of the objective medical evidence Plaintiff relies on documents treatment she received for symptoms that occurred because she was <u>not</u> taking her medicines. (*Id.* at 26-28).

13

Plaintiff's last argument regarding the credibility determination is that the ALJ failed to meet the standard for noncompliance set forth in 20 C.F.R. §§ 404.1530 and 416.930, because the ALJ did not consider whether Plaintiff's compliance would restore her ability to work. However, this argument is without merit because the ALJ's conclusion that Plaintiff was not disabled was not based on a finding of noncompliance.

The noncompliance standard states that a plaintiff who does not follow prescribed treatment, without a good reason, will not be found disabled. 20 C.F.R. §§404.1530, 416.930. In the present case, although the ALJ considered evidence of Plaintiff's noncompliance in his credibility assessment of Plaintiff's claims of disabling limitations, his ultimate decision that Plaintiff was not disabled was not based on a finding of noncompliance. The record indicated that Plaintiff had been hospitalized for her failure to obtain insulin, and despite Plaintiff's argument to the contrary, the ALJ noted that this noncompliance was due in part to financial constraints. (A.R. 26). The ALJ considered evidence that Plaintiff's diabetes was well-controlled when she adhered to a recommended diet and took her insulin. (*Id.* at 25-28). The ALJ also considered Plaintiff's complaints of pain in her legs and feet that improved with better control of her diabetes mellitus. (*Id.* at 28).

Nowhere in the record does the ALJ find Plaintiff to not be disabled based on her noncompliance. (*Id.*). Instead, the ALJ considered evidence of noncompliance in weighing the credibility of Plaintiff's subjective statements regarding her symptoms and limitations, which is proper pursuant to 20 C.F.R. §§ 404.1529 and 416.929. Thus, the ALJ was not required to analyze whether Plaintiff was noncompliant within the meaning of the applicable regulation. The ALJ was also not required to address whether Plaintiff's compliance with the prescribed treatment would

restore her ability to work. The ALJ properly considered evidence of Plaintiff's noncompliance as a single, non-dispositive factor in evaluating the intensity, persistence, and functional limitations of Plaintiff's claimed symptoms.

Contrary to Plaintiff's assertion, the ALJ's credibility determinations were supported by substantial evidence. Even if the evidence could support another conclusion, the decision of an ALJ must stand if the evidence could reasonably support the conclusion reached. *Blakley*, 581 F.3d at 406. As the ALJ is in the best position to observe a witness's demeanor and to make an appropriate evaluation as to her credibility, *Walters v. Commissioner of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997), the ALJ's credibility assessment will not be disturbed "absent compelling reason," which has not been shown in the case at bar. *See Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). Review of the record supports the ALJ's conclusion, and Plaintiff has failed to carry her burden to demonstrate that the ALJ's credibility determination is not supported by substantial evidence.

**C. The ALJ's step-four determination is supported by substantial evidence.**

Lastly, Plaintiff argues that the step-four determination made by the ALJ is unsupported by substantial evidence. Specifically, Plaintiff asserts that the hypothetical question to the VE was incomplete because of the ALJ's alleged error in reconciling his finding of severe impairment of carpal tunnel syndrome with his RFC assessment.

A hypothetical question to a VE need only reference all of the claimant's limitations, without reference to the medical conditions. *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004). Here, the hypothetical question included the limitations listed in the ALJ's RFC determination. (A.R. 54). As explained in Section A, above, the ALJ's RFC determination was supported by substantial evidence. The ALJ need not include limitations that are not credible.

15

Therefore, the hypothetical question was also proper, and the ALJ's step four determination was supported by substantial evidence.

**IV.     CONCLUSION AND RECOMMENDATION**

As explained above, the ALJ's decision is supported by substantial evidence and should be affirmed. Accordingly, **IT IS RECOMMENDED** that:

1. The Commissioner's decision be found to be supported by substantial evidence and therefore **affirmed;**

2. Plaintiff's Motion for Summary Judgment (R. 17) be **denied;**

3. Defendant's Motion for Summary Judgment (R. 19) be **granted;** and,

4. Judgment be entered and this matter be stricken from the active docket of the Court.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days of the date of service or further appeal is waived. 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 728 F.2d 813, 815 (6th Cir. 1984), *aff'd*, 474 U.S. 150 (1985). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

Dated this 29th day of October, 2014.



Signed By:
*Candace J. Smith*
**United States Magistrate Judge**

G:\DATA\social security\13-80 R&R Porter.wpd